The judgment is reversed, and the cause remanded.

PRENDERGAST, P. J., dissents.

---

### WILSON v. STATE. (No. 3240.)

(Court of Criminal Appeals of Texas. Oct. 21, 1914.)

CRIMINAL LAW (§ 1121*) — APPEAL — STATEMENT OF FACTS—NECESSITY.

In the absence of a statement of facts, the sufficiency of the evidence to justify a conviction cannot be reviewed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2938, 2939; Dec. Dig. § 1121.*]

Appeal from District Court, Calhoun County; John M. Green, Judge.

Henry Wilson was convicted of highway robbery, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of highway robbery, and his punishment assessed at death.

The record before us contains neither a statement of facts nor any bills of exception. The only ground in the motion for new trial reads as follows: "Because the verdict of the jury is contrary to the evidence." Without a statement of facts, it is impossible for us to review this ground. As the death penalty was assessed, we regret that the record comes to us in this condition; but, as it does, we can only affirm the judgment.

The judgment is affirmed.

---

### HILL v. STATE. (No. 3269.)

(Court of Criminal Appeals of Texas. Oct. 21, 1914.)

CRIMINAL LAW (§ 1124*)—APPEAL—PRESENTATION FOR REVIEW.

Motions for new trial, based on the insufficiency of the evidence to bring defendant within the indictment, could not be reviewed by the appellate court, where the evidence was not in the record.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2939, 2946–2948; Dec. Dig. § 1124.*]

Appeal from District Court, McLennan County; Richard I. Munroe, Judge.

Wilson Hill was convicted of assault with intent to murder, and appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, J. Appellant was convicted of assault with intent to murder; his punishment being assessed at nine years' confinement in the penitentiary.

The record contains neither bills of exception nor statement of facts. The motions for new trial, both original and amended, are based upon the insufficiency of the evidence to bring the appellant within the allegations of the indictment. The evidence not being before us, we are unable to decide that question.

The judgment must be affirmed.

---

### WYNNE v. STATE. (No. 3257.)

(Court of Criminal Appeals of Texas. Oct. 21, 1914.)

CRIMINAL LAW (§ 1038*)—APPEAL—PRESENTATION BELOW—INSTRUCTIONS.

Objections to instructions in a criminal case cannot be considered on appeal, when not presented below at the proper time.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2646; Dec. Dig. § 1038.*]

Appeal from District Court, Walker County; S. W. Dean, Judge.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Arthur Wynne was convicted of stealing cattle and appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Appellant was convicted of the theft of cattle and the lowest punishment assessed.

The court gave a correct and apt charge to the jury. There is no bill of exceptions in the record. The only assignments in the motion for new trial are: First. The verdict was contrary to the law and evidence. We have carefully read the evidence and it is amply sufficient to sustain the conviction. Second. He attempts to complain of certain paragraphs of the court's charge. No objection whatever is shown to have been made to the charge at the proper time. The only complaint is made in the motion for new trial. Therefore, this complaint cannot be considered.

The judgment is therefore affirmed.